## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DENNIS H. DAY,
               Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
               Agency.

DOCKET NUMBER
SE-0752-94-0737-C-2

DATE: February 5, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dennis H. Day, Mountain Home, Idaho, pro se.

Larry Pruitt, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    Effective September 16, 1994, the agency removed the appellant from his position as a GS-9 Supervisory Art Specialist. MSPB Docket No. SE-0752-94-0737-I-1, Initial Appeal File (I-1 IAF), Tab 1 at 5. The appellant's appeal was resolved through a settlement agreement.[2] MSPB Docket No. SE-0752-94-0737-I-2, Initial Appeal File (I-2 IAF), Tab 3. Pursuant to the terms of the settlement agreement, the agency agreed to, among other things, "reassign Appellant from his former position as Arts & Crafts Specialist Supervisor with the 366th Wing Services Squadron to the currently vacant position of Woodworker Packer, a WG-7 with the 366th Wing Transportation Squadron" and to provide the

---

[2] After the appellant filed his appeal, the agency rescinded the removal action and the administrative judge dismissed the appellant's appeal for lack of jurisdiction. I-1 IAF, Tab 10 at 1-2. Subsequently, the appellant filed a petition for enforcement alleging that the agency failed to completely rescind his removal, which was forwarded to the Board and docketed as a petition for review. MSPB Docket No. SE-0752-94-0737-I-1, Petition for Review (I-1 PFR) File, Tab 1 at 3, Tab 2. The Board denied the appellant's petition for review, but forwarded his claim that he was not returned to the status quo ante to the regional office for docketing as a new appeal. I-1 PFR File, Tab 5 at 2-3.

appellant "pay retention based on his former GS-9 position" and "applicable GS-9 step increases and scheduled pay changes/increases upon obtaining satisfactory job performance ratings." I-2 IAF, Tab 3 at 2 (May 23, 1995 Settlement Agreement, paragraph 2(d)).

¶3    Following settlement, the appellant filed a petition for enforcement of the settlement agreement, contending, among other things, that the agency had breached paragraph 2(d) of the settlement agreement by failing to pay him an annual pay adjustment and step increase. MSPB Docket No. SE-0752-94-0737-C-1, Compliance File, Tab 1, Tab 4 at 4. After the administrative judge denied the appellant's petition for enforcement, the Board, on review, issued an Opinion and Order finding that the agency, by its own admission, was in breach of paragraph 2(d) of the settlement agreement. *Day v. Department of the Air Force*, 78 M.S.P.R. 364, 367 (1988). The Board found that paragraph 2(d) of the settlement agreement was legally unenforceable in that the agency, by statute, could not provide for both pay retention as well as step increases and locality adjustments; the Board remanded the case so that the appellant could argue either that the agreement should be rescinded or have the unlawful portion (the step increases and locality adjustments) severed from the settlement agreement. *Id.* at 368.

¶4    On remand, the parties entered into a written agreement amending the prior settlement agreement. MSPB Docket No. SE-0752-94-0737-B-1, Remand (B-1) File, Tab 4 (June 25, 1998 Amendment to May 23, 1995 Settlement Agreement). Pursuant to the amendment, the parties agreed that all provisions of the prior agreement remained in effect, except the provision in paragraph 2(d) in which the agency agreed to provide the appellant with GS-9 step increases. B-1 File, Tab 4 at 2. Instead, the agency agreed to pay the appellant a lump sum of $8,642.01. *Id.*

¶5    Almost 16 years later, the appellant has filed another petition for enforcement asserting that the agency has not complied with the settlement

agreement provisions "regarding pay retention" and "has ignored repeated requests to correct this issue." MSPB Docket No. SE-0752-94-0737-C-2, Compliance (C-2) File, Tab 1 at 6. The appellant also alleged that the agency breached its agreement to provide him with priority placement for a GS-9 position and refused to place him in a GS-9 position even after his return from a temporary overseas assignment at the GS-9 level in 2000. C-2 File, Tab 8 at 5-6, Tab 11 at 3-4. Further, the appellant complained that, as a result of the agency's actions, his retirement annuity will be less than had he remained in his GS-9 position. C-2 File, Tab 11 at 1-2.

¶6 Without holding a hearing, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement. C-2 File, Tab 13, Compliance Initial Decision (CID). The administrative judge found that the parties had agreed that the appellant would receive pay retention based on his GS-9 step 6 position, which he received until the agency properly terminated it in accordance with 5 U.S.C. § 5363(b) on September 16, 2007, because his basic pay at the WG-8 level had increased to an amount greater than the GS-9 step 6 retained rate. CID at 6. The administrative judge further found that the agreement did not require the agency to provide the appellant with priority consideration for GS-9 positions and that the appellant failed to explain what other reinstatement rights the agency did not provide to him. CID at 6-7.

¶7 The appellant filed a petition for review in which he does not challenge any of the administrative judge's findings but rather generally reiterates his arguments below that the agency violated its agreement to return him to a GS-9 position after his reinstatement and that he should have continued to have been paid at the GS-9 level.[3] MSPB Docket No. SE-0752-94-0737-C-2, Petition for

---

[3] The appellant also argues for the first time on review that the agency retaliated against him for filing the petition for enforcement by subjecting him to a drug test, issuing him a proposed reprimand, and forcing him to retire in lieu of his position being eliminated under a reduction in force. C-2 PFR File, Tab 1 at 4, 10-15. The Board generally will not consider an argument raised for the first time in a petition for review absent a

Review (C-2 PFR) File, Tab 1.  The agency filed an opposition to the appellant's petition.  C-2 PFR File, Tab 3.  The appellant has filed a reply.[4]  C-2 PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8      We have considered the appellant's arguments on review and find that they present no basis to disturb the administrative judge's initial decision.  The appellant does not challenge the administrative judge's finding that the agency correctly provided him with pay retention at the GS-9, step 6 level until his basic pay increased to an amount greater than his retained pay.  CID at 6.  As the administrative judge explained, the agency's actions were consistent with the pay retention statute.  CID at 6; *see* 5 U.S.C. § 5363(b).  The appellant also does not challenge the administrative judge's finding that the agreement did not require the agency to provide him priority consideration for GS-9 positions.  CID at 6-7.  Based on our review of the record, we discern no basis to disturb the administrative judge's conclusions on these issues.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions)*; see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant has not attempted to show that his new arguments are based on new or material evidence not previously available.  C-2 PFR File, Tab 1.  Accordingly, the appellant's new arguments will not be considered for the first time on review.

[4] We note that the appellant's reply is dated November 17, 2014, but the date stamp reflects a submission date of November 18, 2014.  C-2 PFR File, Tab 4.  Thus, it is unclear whether the appellant's reply was timely filed on or before November 17, 2014.  *See* 5 C.F.R. § 1201.114(e).  However, we have considered the appellant's reply and find that it does not affect our disposition in this case.

¶9    Regarding the appellant's argument that the agency violated the terms of the settlement agreement to look for and to return him to a GS-9 position after his reinstatement, we find that the settlement agreement did not require the agency to do so and we will not read such a requirement into the agreement. *See Davis v. Department of Veterans Affairs*, 69 M.S.P.R. 627, 630 (1996 (The Board will not imply a term into an agreement that is unambiguous, and will not hear a party's complaints about matters that were not included in a settlement agreement). Further, we note that both the May 23, 1995 Settlement Agreement and the June 25, 1998 Amendment to the Settlement Agreement contain express provisions that clearly state that these agreements constitute the full agreement between the parties and that no other agreements are binding unless signed by both parties.  I-2 IAF, Tab 3 at 2; B-1 File, Tab 4 at 2.

¶10    In sum, the administrative judge properly found that the agency has complied with the terms of the settlement agreement and we find that the appellant has not offered any basis for reversal of the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.